Jimmy D. CASTLEBERRY, Appellant,

v.

LEVINE'S INC., Appellee.

No. 7083.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 9, 1961.

Ray & Knudtson, Amarillo, for appellant.

Underwood, Wilson, Sutton, Heare & Berry, Amarillo, for appellee.

NORTHCUTT, Justice.

This is a suit brought by Jimmy D. Castleberry, hereinafter referred to as plaintiff, against Levine's Inc., hereinafter referred to as defendant, seeking to recover damages for certain injuries received by his wife, Evelyn Castleberry. Plaintiff alleges that his wife went to the store of defendant to do some shopping and as she was leaving the store she proceeded to step off of the concrete or cement porch to the gravel parking lot, and as she did so, she fell on the gravel parking lot in such a manner as to suffer severe injuries to her person. Plaintiff alleged several acts of negligence in maintaining the parking lot where his wife was injured.

The case was tried to a jury upon special issues. Several of the issues were answered and some were not answered. The jury answered there were no damages caused by defendant's negligence and that Mrs. Castleberry's fall was the result of an unavoidable accident. The judgment of the court did not set out the special issues and the answers thereto but stated the verdict was for the defendant and ordered that the plaintiff take nothing. From that judgment the plaintiff perfected this appeal.

The plaintiff presents this appeal upon the following two points of error:

"Point of Error No. 1—The Trial Court erred in sustaining the Defendant's Special Exceptions 1, 2, and 4 to the Plaintiff's Pleadings, for the facts do show that a cause of action does exist, that the Defendant owed a duty to its customers to protect them from bodily harm and injury; that the Defendant invited the Plaintiff to come to his store, when the store and premises were in fact in an unfinished state of construction; that Appellee was aware that a hugh volume of people would come to his store and that injury might occur as a result of the unfinished state of construction. The Defendant stated that the said store was new, that they were having their "Grand Opening" and implied or warranted that the construction of the premises had been completed; and the Pleadings would further show that the Plaintiff's injuries were proximately caused by the unfinished state of construction of the Defendant's premises.

"Point of Error No. 2—The trial court erred in refusing Plaintiff's Requested Issues, and in modifying and conditioning the Special Issues of Plaintiff's that the Court did submit to the Jury."

Although we agree with the contention of defendant that the plaintiff in his points of error does not state separately the points attempted to be presented according to the rules, we will discuss the assignments as we understand the contention of the plaintiff.

. We presume the court entered judgment upon the findings of the jury that there was no damage caused by the defendant's negligence and that the fall was the result of an unavoidable accident, and further that the jury found that defendant was not negligent in conducting the grand opening of the new store before the parking lot provided for the customers had been covered by the black-top or cement, and that if there was any hazard attached to the condition of the parking area, it was open and obvious to the extent that Mrs. Castleberry either appreciated, or in the exercise of ordinary care should have appreciated, its existence.

We can not agree with the plaintiff's contention that because defendant had stated the store was new and they were having their "Grand Opening" warranted that the premises so far as a parking lot was concerned had been completed.

There is no contention by the plaintiff that he was in any manner prohibited from introducing any testimony concerning the accident. Even if it be true, as contended by plaintiff, that defendant warranted the premises had been completed, it was obvious that the parking lot had not been completed and Mrs. Castleberry, according to the findings of the jury, either appreciated, or in the exercise of ordinary care should have appreciated, its existence and could see it had not been completed. There is nothing in this record to show that Mrs. Castleberry could not and did not see the condition of the premises she was approaching.

The owner or occupant of the premises owes to an invitee or business visitor the duty to use reasonable care to keep the premises in reasonably safe condition so that he will not be injured. The owner or occupant of the premises does not owe to the business invitee the duty to protect him against dangerous conditions that are obvious and reasonably apparent, or as well known to the person injured as they are to the owner or occupant. Hall v. Medical Building of Houston, 151 Tex. 425, 251 S.W.2d 497, by the Supreme Court and authorities there sighted.

We are of the opinion the court submitted the proper issues involved in this suit, and did not err in refusing to give to the jury plaintiff's requested special issues. Finding no reversible error herein, the judgment of the trial court is in all things affirmed.